IN THE SUPREME COURT OF THE STATE OF DELAWARE

SUPPI CONSTRUCTION, INC., §
§ No. 108, 2026
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ C.A. No. N22C-11-149
MELISSA R. SADOWSKI, §
§
Plaintiff Below, §
Appellee. §

Submitted: March 9, 2026
Decided: May 14, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice of appeal from an interlocutory order and its exhibits, it appears to the Court that:

(1)     On January 14, 2022, Melissa Sadowski filed a discrimination charge with the Equal Employment Opportunity Commission (the "EEOC"), alleging that Suppi Construction, Inc. ("SCI") had engaged in gender discrimination during the 2021 calendar year.[1] Days later, Sadowski amended the charge to include the Delaware Department of Labor (the "DDOL") and alleged that SCI had engaged in gender discrimination and retaliation between August 15, 2021, and August 24,

---

[1] The parties dispute whether Sadowski was an employee of SCI or an independent contractor.

2021. The EEOC issued Sadowski a right-to-sue notice on August 18, 2022. On November 16, 2022, Sadowski filed suit against SCI and one of its founders, Carl Suppi (together with SCI, "Defendants"), in the Superior Court. After the DDOL issued Sadowski a right-to-sue notice on February 27, 2023, Sadowski amended her complaint. As amended, Sadowski's complaint set forth seven causes of action, including gender discrimination and retaliation under the Delaware Discrimination in Employment Act (the "DDEA") against SCI.

(2) Defendants moved to dismiss the complaint, arguing, among other things, that Sadowski had failed to exhaust her administrative remedies under the DDEA and that Sadowski's complaint otherwise failed to state a claim. On November 30, 2023, the Superior Court partially denied Defendants' motion to dismiss (the "MTD Decision").[2] Relevant here, the court found that Sadowski's amended complaint "support[ed] a reasonable inference that Sadowski dually filed the Amended Charge with the DDOL [and the EEOC] because it allege[d] that she received a DDOL Right to Sue Letter."[3] The court therefore found that Sadowski had exhausted her administrative remedies under the DDEA. The court also held that Sadowski's complaint had sufficiently pleaded claims for gender discrimination and retaliation under the DDEA. SCI did not ask the Superior Court to certify an

---

[2] *Sadowski v. Suppi Constr., Inc.*, 2023 WL 8282052 (Del. Super. Ct. Nov. 30, 2023).
[3] *Id.* at *5.

2

interlocutory appeal of the MTD Decision or file a notice of appeal of the MTD Decision in this Court.

(3)     After discovery closed, Defendants moved for summary judgment, arguing in part that Sadowski had failed to show that SCI had engaged in gender discrimination because she had "failed to put forth any similarly situated males that were treated more favorably than her"[4] and that Sadowski was unable to show that SCI's stated reason for removing Sadowski from the workplace was pretextual under the *McDonell-Douglas* burden-shifting framework.[5] On February 5, 2026, the court partially denied SCI's motion in a bench ruling (the "MSJ Ruling"). Relevant here, the court noted that "the fact that there may be no suitable comparator does not afford the … employer carte blanche to discriminate, and Mr. Suppi may be viewed as an appropriate comparator [because] he operated in the same space as Sadowski[,] issuing instructions and guiding work crews," and found that "a reasonable juror could conclude that the male worker, Mr. Suppi, was treated more favorably than his female counterpart, Ms. Sadowski."[6] The Superior Court also found that Sadowski was able to show that "a reasonable fact-finder could disbelieve SCI's articulated legitimate reason" for its conduct.[7]

---

[4] *Sadowski v. Suppi Constr., Inc.*, 2026 WL 659122, at *1 (Del. Super. Ct. Mar. 9, 2026).
[5] *McDonnell-Douglas v. Green*, 411 U.S. 792, 804-05 (1973).
[6] Notice of Appeal, Ex. B-1 at 20-21 (Tr. of MSJ Ruling).
[7] *Id*. at 22.

3

(4)     On February 16, 2026, SCI asked the Superior Court to certify an interlocutory appeal of the MTD Decision and the MSJ Ruling under Supreme Court Rule 42. In its application, SCI acknowledged that its request for the certification of an interlocutory appeal of the MTD Decision was untimely but argued that good cause excused its delay and that the Rule 42(b)(iii) factors favored certification. SCI also argued that the Rule 42(b)(iii) factors favored the certification of an interlocutory appeal of the MSJ Ruling. Sadowski opposed the application.

(5)     On March 9, 2026, the Superior Court denied SCI's application.[8] First, the court found that SCI had not shown good cause to excuse its untimely application for the certification of an interlocutory appeal of the MTD Decision. Second, the court did not find that the Rule 42(b)(iii) factors cited by SCI supported the certification of an interlocutory appeal of the MSJ Ruling. To the contrary, the court found that neither factor A (the interlocutory order involves a novel question of law) nor factor C (the question of law relates to the constitutionality, construction, or application of a statute) weighed in favor of certification because the MSJ Ruling merely applied settled jurisprudence to the facts of this case. And the court found that factor G (interlocutory review would end the litigation) did not support certification because the case would continue against Suppi regardless. Finally, the court concluded that because neither party faced serious harm in the absence of

---

[8] *Sadowski*, 2026 WL 659122.

interlocutory review, factor H (interlocutory review may serve considerations of justice) did not justify certification.

(6) We agree that interlocutory review is not warranted here. As SCI acknowledges in its notice of appeal from an interlocutory order, its application for the certification of an interlocutory appeal of the MTD Decision was untimely filed in the Superior Court. While the Superior Court may, for good cause shown, extend the deadline for the filing of an application for certification,[9] Rule 42 provides that the appellant *must* file in this Court a notice of appeal of an interlocutory order within thirty days after the order from which the appeal is sought to be taken is entered.[10] SCI filed its notice of appeal from the MTD Decision in this Court on March 9, 2026—more than two years after the decision was issued—and is refused.

(7) We also decline to accept an interlocutory appeal of the MSJ Ruling. Applications for interlocutory review are addressed to the sound discretion of the Court.[11] Giving due weight to the Superior Court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Interlocutory review would not terminate the litigation, exceptional circumstances

---

[9] Del. Supr. Ct. R. 42(c)(i).
[10] Del. Supr. Ct. R. 42(d)(i).
[11] Del. Supr. Ct. R. 42(d)(v).

that would merit interlocutory review of the MSJ Decision do not exist in this case,[12]

and the potential benefits of interlocutory review do not outweigh the inefficiency,

disruption, and probable costs caused by an interlocutory appeal.[13]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is

REFUSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[12] Del. Supr. Ct. R. 42(b)(ii).
[13] Del. Supr. Ct. R. 42(b)(iii).